Mark R. Thierman, Cal SB# 72913
Joshua D. Buck, Cal SB# 258325
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775) 284-1500
Email: mark@thiermanbuck.com
Email: josh@thiermanbuck.com

James B. Zouras, Pro Hoc Vice
Ryan F. Stephan, Pro Hoc Vice
STEPHAN ZOURAS, LLP
100 North Riverside Plaza, Suite 2150
Chicago, Illinois 60606
312 233 1550
312 233 1560 *f*
Email: jzouras@stephanzouras.com
Email: rstephan@stephanzouras.com

*Attorneys for Plaintiff, the general public, and all
others similarly situated*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| DEBORAH OCHINERO, individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>LADERA LENDING, INC., and DOES 1 through 10, inclusive,<br><br>Defendant.<br><br>. | **CASE No.**<br><br>**CLASS, COLLECTIVE, AND REPRESENTATIVE ACTION COMPLAINT:**<br><br>(1) VIOLATION OF FEDERAL AND STATE OVERTIME LAWS;<br>(2) VIOLATION OF FEDERAL AND STATE MINIMUM WAGE LAWS;<br>(3) REST PERIOD VIOLATIONS;<br>(4) ITEMIZED WAGE STATEMENT VIOLATIONS;<br>(5) WAITING TIME PENALTIES;<br>(6) UNFAIR BUSINESS PRACTICES;<br>(7) CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT, CAL. LABOR CODE §§ 2698 ET SEQ.<br><br>**JURY TRIAL DEMAND** |

Plaintiff DEBBIE OCHINERO ("Plaintiff") on behalf of herself and all others similarly situated, the general public, and all aggrieved employees, hereby complains against the Defendant LADERA LENDING, INC. (hereinafter "Ladera" and/or "Defendant"), a California corporation that reports its principal place of business in California to be in the census-designated place of Ladera Ranch, County of Orange, California. Plaintiff does and hereby alleges as follows:

## I.

## SUMMARY OF CLAIMS

1. This is a nationwide FLSA collective action and California state-wide class action for wage and labor violations arising out of Defendant Ladera Lending's uniform policies of failing to pay their mortgage loan officers and other similarly-titled positions all wages due in compliance with federal and state law. Defendant paid Plaintiff Ochinero and other loan officers based on sales commissions treated as a draw, where employees' hourly wages are deducted from her overall total wages (*i.e.* commissions). However, Defendant failed to compensate its mortgage loan officers for all hours worked, including minimum and overtime wages as required by both federal and California state law.

2. In light of the foregoing, Plaintiff seeks remedies in the form of damages, liquidated damages, injunctive relief, and all further relief as the Court may deem just and proper.

## II.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suits under the FLSA "may be maintained against any employer […] in any Federal or State court of competent jurisdiction." The Plaintiff has signed an opt-in consent form to join this lawsuit. (Exhibit A).

4. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331 because Plaintiff's federal claims arise under the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 29 U.S.C. § 1367 because the claims derive from a common nucleus of operative facts.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Defendant conducts business within California, including within this District. Defendant's principal place of business is also located in this District.

### III.

### PARTIES

7.      Representative Plaintiff DEBBIE OCHINERO is a California resident that was employed by Ladera to work as a mortgage loan officer within the State of California from approximately October 2018 to May 21, 2019.

8.      At all times relevant herein, Defendant LADERA LENDING, INC. has been registered with California Secretary of State as a domestic corporation with its principal place of business within California with its corporate headquarters located at 555 Corporate Drive, #215, Ladera Ranch, California, within the County of Orange and is doing business as a mortgage lender, and therefore lacks a retail concept within the meaning of 29 C.F.R. 770.317 and *Mitchell v. Kentucky Fin. Co.*, 359 U.S. 290, 79 S. Ct. 756, 3 L. Ed. 2d 815 (1959).

9.      At all times relevant herein, Defendant LADERA LENDING, INC. was Representative Plaintiff's "employer" as defined by the Cal. Code Rgs., tit. 8, § 11140, subd. 2(C) and interpreted in *Martinez v. Combs*, 49 Cal. 4th 35, 231 P.3d 259 (2010), *as modified* (June 9, 2010), and were actively engaged in the conduct described herein. Defendant was also Representative Plaintiff's "employer" as defined by § 203(d) of the FLSA. Throughout the relevant period, Defendant employed Plaintiff and similarly-situated employees within the meaning of the FLSA and the California Labor Code.

10.     Plaintiff is ignorant of the true names and capacities, whether individual, corporate or otherwise, of the fictitiously named defendants designated as DOES 1-10, inclusive.  Plaintiff is informed and believes, and thereon alleges, that each fictitiously named defendant was in some way responsible for, participated in, or contributed to the matters and things complained of herein, and is legally responsible for the damages complained of herein.

11.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the defendants, including each of the fictitiously named defendants, was the

agent, principal, employer or employee of each other defendant, and they were acting within the course and scope of such relationship in doing the things herein alleged, or they ratified, acquiesced in, consented to, aided, abetted and/or approved each and all of the acts of each of the other defendants, so that each defendant is jointly and severally responsible and liable for the acts alleged herein.

**IV.**

**STATEMENT OF COMMON FACTS**

12.    Plaintiff and all collective, class, and subclass members are individuals who worked for Defendant as Mortgage Loan Officers, Loan Officers, and/or other inside commissioned employees (collectively "MLOs"), or other similarly-titled, hourly-paid positions during the statutory period. Amongst other things, MLOs all shared similar job titles, training, job descriptions, and job tasks. Importantly, MLOs, including Plaintiff, were all paid a fictitious hourly rate of pay in the form of a recoverable draw against future commissions.

13.    Defendant Ladera is an enterprise engaged in providing mortgage lending services. Defendant Ladera employs MLOs, such as Plaintiff, to solicit potential borrowers for new mortgage loans, to assist in purchases or the refinancing of domestic and commercial real estate.

14.    Defendant's financial results are significantly driven by the total number of mortgages sold and other lending services rendered by MLOs.

15.    Plaintiff Ochinero worked as an MLO for Defendant during the applicable statute of limitations period.

16.    Plaintiff and other MLOs are not paid on a salary basis and therefore must be paid the minimum wage and overtime premium pay as required by law for all non-exempt employees.

17.    Plaintiff Ochinero was paid a regular hourly draw rate of $12.00 (prior to January 1, 2019 she was paid a regular hourly draw rate of $11.00). This means that when Plaintiff makes a commission, these hourly draw amounts she earned are deducted from her commissions. Therefore, Plaintiff and all other MLOs are never paid any hourly wages, free and clear, for their work performed.

18.    Plaintiff routinely worked 12-hour shifts, but was required by Defendant to only record eight (8) hours per work day, regardless of the hours she actually worked.

19.    Despite routinely working more than forty (40) hours per week, Plaintiff and other MLOs were not paid for all hours worked over forty (40).

20.    Similarly, Plaintiff and other MLOs are not paid an overtime premium rate of 1½ their regular hourly rate of pay for all hours worked over forty (40) per work week, or for all hours worked over eight (8) per work day. For example, during the period of February 1, 2019 to February 15, 2019, Defendant recorded Plaintiff as working 88 hours but was only paid her straight hourly draw rate of $12 for all of those hours worked.

21.    The Industrial Wage Commission for the State of California, has fixed the minimum hourly wage for non-exempt workers during the relevant time period of this case, as set forth below:

| Effective Date | New Minimum Wage |
| --- | --- |
| January 1, 2019 | $12.00 |
| January 1, 2018 | $11.00 |
| January 1, 2017 | $10.50 |
| January 1, 2016 | $10.00 |
| July 1, 2014 | $9.00 |

22.    California Labor Code § 1197 states, "The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful. This section does not change the applicability of local minimum wage laws to any entity."

23.    California Labor Code § 1194 states, "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime

compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

24.    California Labor Code § 223 (also known as the anti-secret rebate provision) states, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

25.    California Labor Code § 510(a), in pertinent part, states that:

> Eight hours of labor constitutes a day's work. Any work in excess
> of eight hours in one workday and any work in excess of 40 hours
> in any one workweek and the first eight hours worked on the
> seventh day of work in any one workweek shall be compensated at
> the rate of no less than one and one-half times the regular rate of
> pay for an employee. Any work in excess of 12 hours in one day
> shall be compensated at the rate of no less than twice the regular
> rate of pay for an employee. In addition, any work in excess of
> eight hours on any seventh day of a workweek shall be
> compensated at the rate of no less than twice the regular rate of pay
> of an employee. Nothing in this section requires an employer to
> combine more than one rate of overtime compensation in order to
> calculate the amount to be paid to an employee for any hour of
> overtime work.

26.    California Labor Code § 558 states, in part, "Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty. . ."

27.    California Labor Code § 226(a)(9) provides, in relevant part:

1      Every employer shall, semimonthly or at the time of each payment

2      of wages, furnish each of his or her employees, either as a

3      detachable part of the check, draft, or voucher paying the

4      employee's wages, or separately when wages are paid by personal

5      check or cash, an accurate itemized statement in writing showing . .

6      . all applicable hourly rates in effect during the pay period and the

7      corresponding number of hours worked at each hourly rate by the

8      employee. . ."

9          28.    Defendant required Plaintiff and other similarly situated class members to record

10   less hours than they actually worked.  Ladera had knowledge that Plaintiff and other class

11   members routinely worked more than forty (40) hours per week.  Regardless, Plaintiff and other

12   class members were instructed to dramatically under-report their actual hours worked.

13         29.    Defendant's conduct, as alleged herein, has caused Plaintiff Ochinero and other

14   MLOs damages, including but not limited to loss of wages and compensation. Defendant is

15   therefore liable to Plaintiff and other MLOs for failing to pay minimum wages, overtime wages,

16   as well as failing to pay all wages due at each pay period, and unfair competition.

17                                        **V.**

18                    **COLLECTIVE ACTION ALLEGATIONS**

19         30.    Plaintiff brings this collective action on behalf of herself and all others similarly

20   situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages,

21   and other damages related to Defendant's violation of the FLSA.

22         31.    Plaintiff pursues the requested relief on behalf of the following individuals (the

23   "FLSA Collective"):

24              **All individuals who currently work, or have worked, for the**
              **Defendant as a Mortgage Loan Officer, Loan Officer, and/or**
25              **other inside commissioned employees (collectively "MLOs"), or**
              **any other similarly-titled, hourly-paid position, at any time**
26              **within the preceding 3-years from the date of filing the**
              **complaint.**
27

28

32.     Members of the FLSA Collective will hereinafter be referred to as "collective members."

33.     Plaintiff is a member of the collective she seeks to represent because she was employed by Defendant during the relevant period, was routinely suffered or permitted to work more than 40 hours per week, as described below, and was not paid an overtime premium rate for the time she worked over 40 hours per week.

34.     Specifically, Defendant engaged in common schemes to avoid paying Plaintiff and collective members overtime pay when they worked in excess of 40 hours per week, even though plaintiff and collective members did not satisfy the necessary conditions exempting them from overtime.

35.     Although Plaintiff and collective members may have had different job titles and/or worked in different locations throughout the relevant period, this action may be properly maintained as a collective because:

(a)     Plaintiff and collective members were all paid an hourly rate;

(b)     Plaintiff and collective members worked in excess of 40 hours per week;

(c)     Regardless of their job title or location, Defendant did not pay Plaintiff and collective members an overtime premium rate of 1½ times their regular hourly rate for all times worked in excess of 40 hours per week; and

(d)     Defendant maintained common timekeeping and payroll systems and policies with respect to Plaintiff and collective members, regardless of their job title or location.

36.     Defendant encouraged, suffered and permitted the Plaintiff and collective members to work more than forty (40) hours per week without proper overtime compensation.

37.     Defendant knew that Plaintiff and collective members performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendant operated under a scheme, as described above, to deprive the Plaintiff and collective members of wages and overtime compensation.

38.     Defendant's conduct as alleged herein was willful and has caused extensive damage to Plaintiff and collective members.

39.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff and collective members. Plaintiff requests that the Court authorize notice to the members of the collective to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b) for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

40.     Plaintiff estimates that the collective, including both current and former employees over the relevant period, will include at least one hundred (100) members. The precise number of collective members should be readily available from Defendant's personnel, scheduling, time and payroll records, and from input received from collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). Given the composition and size of the collective class, its members may be informed of the pendency of this action directly via U.S. mail and e-mail.

# VI.

## CLASS ACTION ALLEGATIONS

41.     Pursuant to Rule 23(a) and 23(b) of the Federal Rules of Civil Procedure, a case should be treated as a class action when a court finds: (a) that the predominant issues raised in the case ae of a common interest; (b) that the parties are so numerous that it is impracticable to bring them all before the court; (c) that the proposes class and/or sub-classes are clearly and easily ascertainable; (d) that the named representatives' claims are typical of the claims of the proposed classes; (e) that the class representatives will adequately represent the interests of the classes; and (f) that a class action is superior to other methods of adjudicating the claims alleged herein. Plaintiff herein alleges that each and every one of the foregoing can and will be demonstrated at the time for hearing on Plaintiff(s)' motion for class certification.

42.     Plaintiff(s) bring claims for relief on her/their own and as a class action pursuant to Rule 23(a) and Rule 23(b). The Class is defined as:

> **All persons who were employed by Defendant within the State of California as a Mortgage Loan Officer, Loan Officer, and/or other inside commissioned employees (collectively "MLOs") at any time within the preceding 4-years from the date of filing the complaint.**

(the "Class Period").

43.    Plaintiff further seeks Certification of the following Subclasses: (a) Rest Period Subclass: All members of the Class who were employed at any time from 3 years from the filing of this comlaint through the date of entry of judgment; (b) Itemized Wage Statement Subclass: All members of the Class who were employed at any time from 1 year from the filing of the complaint through the date of entry of judgment; and (c) Waiting Time Penalty Subclass: All members of the Class who are former employees and who were employed at any time from 3 years from the filing of the complaint through the date of entry of judgment.[1]

44.    Members of the Class and Subclasses will hereinafter be referred to as "class members."

45.    Plaintiff reserves the right to redefine the Class and Subclass and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

46.    **Numerosity:**  Plaintiff is informed and believes and based on such information and belief, alleges that the potential membership in the Class and the subclass is so numerous that joinder of all members is impractical.  While the exact number of members in each of the classes is presently unknown to Plaintiff, she estimates membership in the Class to exceed 100.  The exact number and specific identities of the members of the Class and the subclasses, may be readily ascertained through inspection of Ladera's business records.  Moreover, the disposition of class members' claims by way of a class action will provide substantial benefits to the parties and the Court.

47.    **Commonality:**  Plaintiff is informed and believes and based on such information and belief alleges that numerous questions of law and/or fact are common to all members of the class, including, without limitation:

---

[1] The Rest Period, Itemized Wage Statement, and Waiting Time Penalty Subclasses are comprised of the same persons as the Class but are limited in time (a 3-year statute of limitations for Rest Period and Waiting Time Penalty claims and a 1-year statute of limitations for an Itemized Wage Statement claim) and employee classification (Waiting Time Penalty claims are only available to former employees).

a.        Whether Ladera failed to pay all the minimum and overtime wages owed under the Labor Code;

b.        Whether Ladera complied with the wage reporting requirements of Labor Code § 226 (a)(9);

c.        Whether Ladera failed to timely pay Plaintiff and putative class members the wages due them during their employment;

d.        Whether Ladera failed to pay Plaintiff and putative class members wages during their rest periods;

e.        Whether Ladera failed to timely pay wages due to Plaintiff and class members upon their discharge;

f.        Whether Ladera's failure to pay all wages due in accordance with the federal wage laws or the California Labor Code was willful or reckless;

g.        Whether Ladera engaged in unfair business practices in violation of California Business & Professions Code §§ 17200, et seq.; and,

h.        The appropriate amount of damages, restitution, or monetary penalties resulting from Ladera's violations of law.

48.        **Typicality:** Plaintiff's claims are typical of those of the class members, because Plaintiff suffered the violations set forth in this Complaint.

49.        **Adequacy:** Plaintiff will adequately protect the interests of class members. Plaintiff has no interests that are adverse to or in conflict with class members and she is committed to the vigorous prosecution of this lawsuit.  To that end, Plaintiff has retained counsel who are competent and experienced in handling class actions on behalf of employees.

50.        **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the amount suffered by individual class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no inordinate difficulty in the management of this case as a class action.  The class is geographically disbursed throughout

California but Ladera's policies and decisions affecting the class all emanated from its central offices.   Plaintiff is informed and believes and based on such information and belief alleges that this action is properly brought as a class action, because of the following:

a.      The prosecution of separate actions by or against individual members of the Class would create risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class;

b.      Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;

c.      Ladera has acted or refused to act on grounds generally applicable to all members of the Class, making declaratory relief appropriate with respect to all of the Class;

d.      Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and, Class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy.

**VII.**

**PAGA ENFORCEMENT ACTION ALLEGATIONS**

51.     At all times set forth herein, PAGA was applicable to Plaintiff's employment by Ladera as the employer.

52.     At all times set forth herein, PAGA states that any provision of law under the California labor code that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California labor code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of him or herself and other current or former employees pursuant to procedures outlined in Labor Code § 2699.3.

53.     Pursuant to PAGA, a civil action under PAGA may be brought by any "aggrieved employee," who is a person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

54.     Ladera employed Plaintiff and other employees and committed the alleged violations against Plaintiff and said employees in connection with their employment.  Thus, Plaintiff and these other employees are "aggrieved employees" as that term is defined in Labor Code section 2699(c).

55.     Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements have been met:

a.     The aggrieved employee shall give written notice electronically to the LWDA with copy to the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

b.     The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within thirty (30) calendar days of the postmark date of the Employee's Notice.  Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within thirty-three (33) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

56.     Plaintiff Ochinero provided written notice as required by law to the LWDA and to Ladera of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, pursuant to California Labor Code section 2699.3.  A true and correct copy of Plaintiff Ochinero's PAGA letter is attached hereto as Exhibit A.

57.     Plaintiff Ochinero therefore brings this action as a PAGA Representative action on behalf of the following aggrieved employees: All members of the Class who were employed at any time from time from 1 year from the filing of the PAGA letter through the date of entry of judgment.

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VIII.**

**FIRST CAUSE OF ACTION**

**Failure to Pay Overtime Compensation**

**(On Behalf of Plaintiff and the FLSA and California Classes)**

58.     Plaintiff re-alleges and incorporates by reference the allegations contained in preceding paragraphs as though fully set forth herein.

59.     As set forth hereinabove, Defendant is obligated to pay Plaintiff and other class members premium pay on overtime under both state and federal law.  Plaintiff and class members routinely worked more than forty hours in a week, before and after normal operation hours. But, as previously stated, money paid for hours worked on an hourly basis was merely a "draw against commission" – a loan to the employee to be paid back later.  The only money paid "free and clear" by Defendant to Plaintiff and other class members as wages was commissions based upon "sales" of banking products like mortgages, which under federal law, are classified as non-retail. Therefore, Defendant is not entitled to the retail sales exemption from overtime requirements of Section 7(i) of the Fair Labor Standards Act.

60.     In other words, Defendant owed Plaintiff and class members overtime premium pay for all hours worked in excess of 40 per week at one and one half the so-called "regular rate." In this case, Plaintiff's regular rate was $12.00 per hour (prior to January 1, 2019 she was paid a regular hourly rate of $11.00).

61.     Instead of paying premium overtime on these commissions, Ladera engaged in a complicated scheme to avoid payment of this overtime premium rate.

62.     Ladera did not pay any overtime compensation to Plaintiff or other MLOs.

63.     To correctly calculate the overtime premium rate for commission paid employees, an employer must simply divide the total amount earned *in the pay period* by the hours worked *in that same pay period,* times half (since the commissions cover the straight time rate), times the hours worked overtime in that pay period.  Here, however Defendant fails to pay any overtime wages whatsoever.

64.     Plaintiff and the class members seek damages in the amounts improperly withheld in an amount to be proved at time of trial, along with all appropriate penalties, including but not limited to the remedies made available under, *inter alia,* California Labor Code §§ 203, 225.5, and 558, as well as prejudgment interest pursuant to Labor Code §§ 218.6 and 1194(a), Civil Code §§ 3287 and §3289, and reasonable attorneys' fees pursuant to Labor Code § 1194

65.     Ladera is also subject to civil penalties and restitution of wages payable to Plaintiff and the class members pursuant to Labor Code § 558 as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

These penalties are in addition to any other penalty provided by law and are recoverable by private individuals on behalf of the state of California under the Private Attorney General Act, Labor Code § 2699, et. seq.

## IX.

## SECOND CAUSE OF ACTION

### Failure to Provide Minimum Wages

### (On Behalf of Plaintiff and the FLSA and California Classes)

65.     Plaintiff re-alleges and incorporates by reference the allegations contained in preceding paragraphs as though fully set forth herein.

66.     As set forth hereinabove, Ladera pays its commissioned employees twice a month a fictitious hourly rate of pay.  The hourly rate of pay is actually just a recoverable draw against future commissions.  A draw is a loan, and therefore Ladera does not actually pay the employees any wages.

67.     Defendant further failed to compensate Plaintiff and class members all their minimum wages for hours worked becuase of Defendant's instructions to under-report the hours actually worked.

68.    Plaintiff and the class members seek damages in the amount of minimum wages earned that were loaned in the form of a draw and never paid free and clear to Plaintiff and class members, plus liquidated damages for failing to pay minimum wages under federal law and Labor Code § 1194.2 as well as interest thereon, reasonable attorney's fees, and costs of suit fees pursuant to federal law and Labor Code § 1194.

69.    Ladera  is also subject to civil penalties and restitution of wages payable to Plaintiff and all class members pursuant to Labor Code § 1179.1 as follows:

(1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

These penalties are in addition to any other penalty provided by law and are recoverable by private individuals on behalf of the state of California under the Private Attorney General Act, Labor Code § 2699, et. seq.

70.    Ladera is also subject to civil penalties and restitution of wages payable to Plaintiff and all class members pursuant to Labor Code § 558 for violating the applicable Wage Order as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

These penalties are in addition to any other penalty provided by law and are recoverable by private individuals on behalf of the state of California under the Private Attorney General Act, Labor Code § 2699, et. seq.

# X.

## **THIRD CAUSE OF ACTION**

### **Failure to Provide Rest Breaks**

(On Behalf of Plaintiff and the Rest Period Subclass)

71.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

72.     Section 226.7 provides: "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or ... order of the [IWC]." (§ 226.7, subd. (b).) "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an ... order of the [IWC], ... the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." (§ 226.7, subd. (c).)

73.     Wage Order No. 7 applies "to all persons employed in the mercantile industry whether paid on a time, piece rate, commission, or other basis." (Cal. Code Regs. tit. 8, § 11070, subd. 1.). Wage Order No. 7 provides: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. *Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.*" (Cal. Code Regs. tit. 8, § 11070, subd. 12(A), italics added.) Like section 226.7, subdivision (c), Wage Order No. 7 further requires an employer who fails to provide an employee a rest period in accordance with the wage order's provisions to pay the employee one hour of pay at the employee's regular rate of compensation for each work day the employer did not provide the employee with the rest period. (*Id.*, § 11070, subd. 12(B).)

74.    The plain language of Wage Order No. 7 requires employers to count "rest period time" as "hours worked *for which there shall be no deduction from wages*." (Cal. Code Regs. tit. 8, § 11070, subd. 12(A), italics added.)

75.    Ladera's pay scheme did not compensate for rest periods taken by Plaintiff and other class members. As stated above, the minimum and overtime wages paid to Plaintiff and class members were not wages at all, they were merely draws against future commissions.

76.    The appellate court in *Vaquero v. Stoneledge Furniture LLC*, 9 Cal. App. 5th 98, 115, 214 Cal. Rptr. 3d 661, 674 (Ct. App. 2017), as modified (Mar. 20, 2017), review denied (June 21, 2017) held that this type of pay scheme does not properly compensate employees for their rest periods. In *Stoneledge*, the court stated,

> The advances or draws against future commissions were not compensation for rest periods because they were not compensation at all. At best they were interest-free loans. Stoneledge cites no authority for the proposition that a loan for time spent resting is compensation for a rest period. To the contrary, taking back money paid to the employee effectively reduces either rest period compensation or the contractual commission rate, both of which violate California law. (See § 221 [prohibiting employers from collecting or receiving from an employee "any part of wages theretofore paid by said employer"]; § 222 [prohibiting employers from withholding any part of a wage agreed upon]; § 223 [prohibiting employers from "secretly pay[ing] a lower wage while purporting to pay the wage designated by statute or by contract"]; cf. *Armenta*, *supra*, 135 Cal.App.4th at p. 323, 37 Cal.Rptr.3d 460 [averaging wages across pay periods to satisfy minimum wage requirements "effectively reduces [employees'] contractual hourly rate"].)

77.    Accordingly, Plaintiff and class members are entitled to recover, and hereby demand, (1) their wages for each unpaid rest period for each and every shift worked and (2) a penalty for each and every unpaid rest period pursuant to Labor Code 226.7, in addition to attorneys' fees, costs, and interest.

## XI.

## **FOURTH CAUSE OF ACTION**

### **Failure to Provide Accurate Wage Statements**

(On Behalf of Plaintiff and the Wage Statement Subclass)

78.    Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

79.    Ladera knowingly and intentionally failed to provide timely, accurate, itemized wage statements showing, *inter alia*, hours worked, to Plaintiff and the class members in accordance with Labor Code § 226(a) and applicable Wage Order No. 9.  Such failure caused injury to Plaintiff and the class members by, among other things, impeding them from knowing the amount of wages to which they are and were legally entitled.

80.    Plaintiff's good faith estimate of the number of pay periods in which Ladera failed to provide accurate itemized wage statements to Plaintiff and the class members is each and every pay period during the Class Period.

81.    Plaintiff and the class members are entitled to and seek injunctive relief requiring Ladera to comply with Labor Code §§ 226(a) and further seek the amount provided under Labor Code § 226(e), including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

82.    Ladera is also subject to civil penalties for Labor Code § 226(a) violations "in the amount of two hundred and fifty dollars ($250) per employee per violation in an initial citation and one thousand ($1,000) per employee for each violation in a subsequent citation…" as provided by Labor Code §§ 226.3.  These penalties are in addition to any other penalty provided by law and are recoverable by private individuals on behalf of the state of California under the Private Attorney General Act, Labor Code § 2699, et. seq.

83.    Because Ladera's conduct described immediately above is an act of unfair competition and a business practice in violation of California Business & Professions Code Section 17200, Plaintiff further demands that Ladera be enjoined from continuing to provide inaccurate pay statements that fail to include the amount of hours worked by each employee, the hourly rate of pay, and the amount of all overtime hours worked at the corresponding hourly rate.

**XIII.**

**FIFTH CAUSE OF ACTION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Waiting Time Penalties**

(On Behalf of Plaintiff and the Waiting Time Penalty Subclass)

84.    Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

85.    California Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to the employee immediately upon the employee's discharge from employment.  California Labor Code § 202 requires an employer promptly pay all compensation due and owing to an employee within 72 hours after that employee's employment terminates, including by resignation.  California Labor Code § 204 requires an employer to pay all wages due to its employees when those wages are due.  California Labor Code § 203 provides that if an employer willfully fails to pay all compensation due promptly upon discharge or resignation, as required by §§ 201 and 202, the employer shall be liable for waiting time penalties in the form of continued compensation for up to 30 work days.

86.    As noted hereinabove, Ladera's failure to pay minimum wages and overtime properly results in an underpayment of wages to all terminated employees in violation of Labor Code § 203.

87.    Ladera has willfully failed to make timely payment of the full wages due to these employees who have quit or have been discharged, thereby violating California Labor Code §§ 201-202.

88.    The failure to completely compensate these employees means that Ladera has not only violated, but they also continue to violate California Labor Code § 204, which requires employers, including Defendant, to pay their employees their full wages when due.

89.    On behalf of waiting penalties Subclass of terminated employees, Plaintiff and the class members seek the penalties to which they are entitled pursuant to Labor Code §203, in the amount of each members' daily wage multiplied by thirty (30) days, the exact amount of which is to be determined at trial.

**XIV.**

**SIXTH CAUSE OF ACTION**

**Unfair Business Practices**

(On Behalf of Plaintiff and the California Class)

90.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

91.     As described above, Ladera has engaged in unfair business practices in California by utilizing and engaging in an unlawful pattern and practice of failing to properly pay employee compensation.

92.     Ladera's use of such practices constitutes an unfair business practice, unfair competition, and provides an unfair advantage over Ladera's competitors.  Plaintiff and other similarly situated members of the general public seek full restitution on account of the economic injuries they have suffered along with disgorgement of ill-gotten gains from Ladera as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Ladera by means of the unfair business practices complained of herein.

93.     Plaintiff seeks on her own behalf and on behalf of the general public, the appointment of a receiver, as necessary, to oversee said restitution, including all wages earned and unpaid, including interest thereon.

94.     The acts complained of herein, occurred, at least in part, within the last four (4) years preceding the Complaint for damages originally filed in this action.

95.     Further, if Ladera is not enjoined from the unlawful conduct described above, Ladera will continue unabated in their unlawful conduct, which will continue to result in irreparable injury to members of the general public, including, but not limited to all members of the Class who are current employees of the Ladera, and for which there is no adequate remedy at law.  Thus, Plaintiff requests that the Court issue a preliminary and permanent injunction prohibiting Ladera from engaging in the foregoing conduct.

96.     Plaintiff, on behalf of the general public and members of the Class, seek full restitution from Ladera, as necessary and according to proof, to restore all monies withheld, acquired and/or converted by Ladera by means of the unfair practices complained of herein.

**XV.**

## **SEVENTH CAUSE OF ACTION**

### **California Labor Code Private Attorneys General Act, Cal. Labor Code §§ 2698 Et Seq.**

(On Behalf of Plaintiff and all Aggrieved Employees)

97.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

98.     Plaintiff Ochinero on behalf of herself, all aggrieved employees, and/or on behalf of the putative classes herein, as well as the general public of the State of California alleges that Ladera here has violated the following provisions of the California Labor Code in the following provisions of the applicable IWC Wage Order in which violations are actionable through the PAGA, as previously alleged herein: California Labor Code §§ 201, 202, 203, 204, 204a, 204b, 221, 223, 225.5, 226.7, 510, 558 1194 and 1197 as well as the orders of the Industrial Wage Commission.

99.     Each of these violations entitles Plaintiff Ochinero, as a private attorney general, to recover the applicable statutory civil penalties on her own behalf, on behalf of all aggrieved employees, and on behalf of the general public.

100.     California Labor Code §2699 (a), which is part of PAGA, provides in pertinent part:

> notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

101.     California Labor Code § 2699 (F), which is part of PAGA, provides in pertinent part:

> for all provisions of this code except for those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: …
> (2)     If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred ($200) for each for each aggrieved employee per pay period for each subsequent violation.

102.    Plaintiff and the class members are entitled to civil penalties, to be paid by Ladera and allocated as PAGA requires, pursuant to California Labor Code § 2699(a) for Ladera's violations of the California Labor Code and IWC Wage Orders for which violations a civil penalty is already specifically provided by law; and Plaintiff Ochinero is entitled to civil penalties, to be paid by Ladera and allocated as PAGA requires, pursuant to California Labor Code §2699 for Ladera's violations of the California Labor Code and IWC Wage Orders for which violations a civil penalty is not already specifically provided.

## XVI.

## JURY DEMAND

Plaintiff hereby respectfully demands a trial by jury on all issues so triable.

## XVII.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of all class and collective members and all others similarly situated, prays for relief as follows relating to her collective, class, and representative action allegations:

1.  Order the Defendant to file with this Court and furnish to counsel a list of all names, telephone numbers, e-mail addresses and home addresses of all MLOs, or any other similarly-titled, hourly-paid position, who have worked for Defendant during the relevant period of time;

2.  Authorize Plaintiff's counsel to issue notice via U.S. mail and e-mail at the earliest possible time to all MLOs or any other similarly-titled, hourly paid position who have worked for Defendant during the relevant period of time, informing them that this action has been filed, the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

3.  For an Order certifying this action as a collective action and class action on behalf of the proposed collective, class, and subclasses;

4.  For an Order appointing Plaintiff as the Representative of the class, and subclasses, and Plaintiff's counsel as Class Counsel;

5.  For damages according to proof for minimum wage and overtime compensation for all overtime hours worked under the FLSA and California law;

6.  For minimum wages or regular rate wages for all unpaid rest periods, together with rest period penalties;

7.  For liquidated damages;

8.  For waiting time penalties;

9.  For civil penalties;

10. For PAGA penalties;

11. For interest as provided by law at the maximum legal rate;

12. For restitution for all unlawfully retained monies by Defendant;

13. For an injunction against future violations of the FLSA and California Labor Code;

14. For reasonable attorneys' fees authorized by statute;

15. For costs of suit incurred herein;

16. For pre-judgment and post-judgment interest, as provided by law; and

17. For such other and further relief as the Court may deem just and proper.

Date: June 7, 2019.                          THIERMAN BUCK LLP

                                             By: */s/Joshua D. Buck*
                                             Mark R. Thierman
                                             Joshua D. Buck

                                             *Attorneys for Plaintiff*

1

## **Index of Exhibits**

2

A.  Opt-In Consent Form

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28